IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KIMAN KINGSLEY, et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-05007-SRB |
| | ) | |
| LAWRENCE COUNTY, MISSOURI, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

Before this Court is Plaintiff's Motion for Leave to Obtain Financial/Net Worth Information from Individual Defendants. (Doc. #429). The motion is denied.

Plaintiffs' Third Amended Complaint asserts claims under 42 U.S.C. § 1983 and several common law claims. (Doc. #179, ¶¶ 63–237). Among other named Defendants, Plaintiffs have sued Defendants Brad A. DeLay, Chris Berry, and Jon Ford ("Individual Defendants") in their individual capacities and in their official capacities as sheriffs of Lawrence County, Missouri. (Doc. #179, ¶¶ 14–16). Plaintiffs seek punitive damages as part of their § 1983 claims against Individual Defendants. (Doc. #179, ¶¶ 69, 78, 86). Discovery closed on July 18, 2018 ("Closure Date"). (Doc. #313, p. 2). Under this Court's scheduling order, "[d]iscovery shall not be conducted after the Closure Date, except by Order of the Court for good cause shown." (Doc. #313, p. 2). On December 13, 2018, Plaintiffs filed the present motion, seeking leave "to obtain financial/net worth information from individual Defendants DeLay, Berry and Ford." (Doc. #429, p. 1). To date, Plaintiffs have never served Individual Defendants with any discovery request for this information.

Plaintiffs point to the punitive damages requests in their Third Amended Complaint and argue that because "the individual Defendants have in bad faith deliberately failed to disclose material documents related to a crucial issue in this case, i.e.[,] the inadequate training and supervision of the individual Defendants," there is good cause for this Court to grant Plaintiffs "leave to obtain pre-trial financial/net worth information from" these individual Defendants "as it relates to the issue of punitive damages." (Doc. #429, 1–2). Defendants argue that "[i]n the event (if any) the pending Motion . . . was intended as a vehicle for discovery to obtain financial information of the individual Defendants with regard to the merits of the case, this motion is untimely and without any justification" because, "[w]ith the exception of discovery on the issue concerning training records, merit discovery in this case is closed." (Doc. #437, p. 2).

This Court agrees with Defendants. Discovery is closed, and Plaintiffs have not shown good cause for the Court to grant their request. It is true that punitive damages are available in § 1983 individual-capacity claims, *Smith v. Wade*, 461 U.S. 30, 35 (1983), and that financial or net worth information is relevant in measuring such punitive damages, *Schaub v. VonWald*, 638 F.3d 905, 926 (8th Cir. 2011). But it is a defendant's mental state when performing the conduct that allegedly violated the plaintiff's federal rights that forms the basis of a punitive damages award under § 1983, not litigation behavior such as discovery abuse. *See id.* at 922 (quoting *Smith*, 461 U.S. at 56) ("Punitive damages may be awarded under 42 U.S.C. § 1983 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"); *Coleman v. Rahija*, 114 F.3d 778, 787 (8th Cir. 1997) (internal citation omitted) (citing *Smith*, 461 U.S. at 54) ("The focus, in determining the propriety of punitive damages [under § 1983], is on the intent of the defendant . . . and whether the defendant's conduct is of the sort that calls for deterrence and

punishment over and above that provided by compensatory awards."). The proper remedy for discovery abuse is sanctions,[1] not punitive damages. *See* Fed. R. Civ. P. 26(g), 37(c); *Johnson Int'l Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 439 n.10 (8th Cir. 1994) (quoting *In re Stauffer Seeds*, 817 F.2d 47, 50 (8th Cir. 1987)) (purpose of discovery sanctions is "to deter abuse and compensate the opposing party for 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly'"); *Sec. Nat. Bank of Sioux City, IA v. Day*, 800 F.3d 936, 942 (8th Cir. 2015) (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)) (discovery sanctions are meant "'to penalize those whose conduct may be deemed to warrant' them and 'deter those who might be tempted to such conduct in the absence of such a deterrent.'"). Because discovery is closed and Plaintiffs base their motion to obtain Defendants' financial or net worth information as it relates to punitive damages solely on Defendants' purported litigation behavior—which is not a basis for awarding punitive damages under § 1983—this Court does not find good cause to allow such discovery.

Accordingly, it is **ORDERED** that is Plaintiff's Motion for Leave to Obtain Financial/Net Worth Information from Individual Defendants (Doc. #429) is denied.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

DATE: January 15, 2019

---

[1] In another pending motion, Plaintiffs have moved for discovery sanctions on the basis of the same alleged discovery abuse that forms the basis of the present motion. (Doc. #418).