IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| KIMAN KINGSLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-05007-SRB |
| | ) | |
| LAWRENCE COUNTY, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before this Court is Plaintiff Kiman Kingsley's Motion for Protective Order and Sanctions or, in the Alternative, to Continue Trial Date and Scheduling Deadlines. (Doc. #418). The motion is granted in part and denied in part.

Plaintiff's Third Amended Complaint, filed on September 27, 2017, asserts an action under 42 U.S.C. § 1983 against remaining Defendants Lawrence County Sheriff Brad DeLay, Deputy Chris Berry, Deputy Jon Ford, and Lawrence County, Missouri. Plaintiff alleges, among other things, that officers involved in the events giving rise to his lawsuit were inadequately trained and supervised. Defendants' initial disclosures contained no training records for Defendants DeLay, Berry, or Ford. On July 23, 2018, Defendants agreed to provide the training records for Defendants DeLay, Berry, and Ford. On October 25, 2018, Plaintiff received certificates of completion of continued training for Defendant Berry, but no training records for Defendants DeLay or Ford. Plaintiff then learned at Defendant Berry's deposition that Defendant Berry "had not produced two boxes of documents of training materials." (Doc. #418, p. 2). At a hearing on October 31, 2018, this Court ordered limited supplemental depositions with questioning limited to the training materials, and the depositions of Defendants DeLay,

Berry, and Ford were rescheduled for November 28, 2018. On November 8, 2018, Defense counsel sent Plaintiff's counsel a letter stating that all training records in Defendants' possession had been produced.

During the depositions on November 28, 2018, testimony revealed that the Lawrence County Sheriff's Department had previously maintained official training records, that Defendants had not produced any of these records, and that the only training records that had been so far produced were "files personally maintained by the individual officers." (Doc. #418, p. 3). The next day, Plaintiff's counsel sent Defendants' counsel a golden rule letter requesting any official training records. In response, Defendants acknowledged they had "screwed up" and offered to produce the official training records as soon as possible. Defendants offered to pay for the time and expense, including reasonable attorney's fees, associated with continued discovery regarding the official training records. Plaintiff has submitted a statement of costs and expenses for this additional discovery, which Defendants assure "will be paid in the very near future." (Doc. #438, p. 2). Plaintiff moves for sanctions under Federal Rule of Civil Procedure 37(c), for a protective order, and, in the alternative, to continue the trial date and other scheduling deadlines.

Rule 26(a) governs mandatory disclosures and, among other things, requires a party to "provide to the other parties" copies or descriptions "of all documents . . . that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). Rule 26(e) establishes an affirmative duty to "supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information . . . as required by Rule 26(a) or (e)" and the failure is not "substantially justified" or "harmless," the court may

impose various discovery sanctions. Fed. R. Civ. P. 37(c)(1). Rule 37(c) gives a district court "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case" if a party fails to comply with Rule 26(a) or (e). *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The purpose of sanctions under Rule 37(c) is "to deter abuse and compensate the opposing party for 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Johnson Int'l Co. v. Jackson Nat. Life Ins. Co.*, 19 F.3d 431, 439 n.10 (8th Cir. 1994) (quoting *In re Stauffer Seeds*, 817 F.2d 47, 50 (8th Cir. 1987)). Once a court decides discovery sanctions are warranted, it then must decide which sanctions are appropriate. "When fashioning a remedy" for discovery abuse, "the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692 (citing *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir. 2003)).

Plaintiffs argue that "[t]he totality of the circumstances supports a conclusion that the dilatory conduct was at the very least deliberately indifferent to the requirements of good faith in discovery and was decidedly willful" and that "[a]nything other than a severe sanction would reward Defendants for their[]bad faith gamesmanship and would provide no deterrence to continued disregard of the rules of Court." (Doc. # 419 p. 4). Defendants argue that "the failure to produce those training records was not the result of an attempt to hide evidence, mislead parties, or to engage in any kind of inappropriate conduct" and that "there is no basis to impose the types of sanctions sought by Plaintiff under Rule 37" because "[t]o impose such sanctions, 'there must be an order compelling discovery, a willful violation of that order, and prejudice to

3

the other party," which "prerequisites" Plaintiffs have not established. (Doc. #438, p. 4) (citing *Chrysler Corp.*, 186 F.3d at 1019).

Here, discovery sanctions are warranted. First, the prerequisites Defendants discuss apply under Rule 37(b). In their suggestions in support of their motion, however, Plaintiffs expressly invoke Rule 37(c). (Doc. #419, p. 1). The plain language of Rule 37(c) does not require willful violation of a discovery order before a court can levy discovery sanctions. Second, Defendants have "fail[ed] to provide information . . . as required by Rule 26(a) or (e)" for purposes of sanctions under Rule 37(c)(1). Defendants had the official training records in their "possession, custody, or control" and may use these records "to support [their] claims or defenses" within the meaning of Rule 26(a)(1)(A)(ii). Defendants' months-long delay in producing the training records constitutes a failure to disclose. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) ("[F]ailure to disclose in a timely manner is equivalent to failure to disclose."). This failure could also be construed as a failure to supplement a disclosure or discovery response under Rule 26(e). Defendants concede that "the training records which are the subject of the pending motion should have been previously produced." (Doc. #438, p. 1). Defendants also acknowledge that Defendant DeLay gave "'inconsistent' answers to deposition questions about the existence of training records." (Doc. #438, p. 3) (citing Doc. #438-1, p. 9). Even if Defendants' failure "resulted from a mistaken assumption made by Sheriff Delay" as Defendants argue it did, Defendants have still failed to comply with Rule 26. Rule 37(c) does not require such a failure to be knowing or willful.

Defendants' failure was neither substantially justified nor harmless. Defendants offer no justification other than an "assumption" by Defendant DeLay, which is not a substantial justification for Defendants' delay in producing the training records. The failure was not

4

harmless: as a result of the failure Plaintiff has had to conduct multiple supplemental depositions, to prepare prior depositions and motions without the benefit of the training records, to respond to Defendants' motions without the benefit of the training records, and to incur expenses in his unnecessarily prolonged attempt to obtain the training records.

Reasonable expenses, including attorney's fees, of additional discovery concerning the training records in question—an arrangement the parties have already made—is an appropriate sanction in light of the *Wegener* factors and the purposes of discovery sanctions. As to the reason for Defendants' conduct, there is no evidence that the failure to disclose or supplement was willful. While Defendants' failure was not harmless, the prejudice that failure caused to Plaintiff does not rise to the level that would warrant default judgment, an order that facts be taken as established, or striking pleadings. Finally, the training records are very important to Plaintiff's claim against Defendant Lawrence County, but they are not as important to several of Plaintiff's other claims. The Court orders Defendants to pay reasonable expenses and attorney's fees incurred by Plaintiff through additional discovery concerning the training records. The arrangement Plaintiff and Defendants have already entered shall satisfy this sanction.

The other relief Plaintiff seeks is denied. Plaintiff's motion for a protective order is denied because the motion is silent about the scope or contents of the requested protective order and Plaintiff did not provide the Court with a proposed protective order. Plaintiff's motion to continue the trial date is denied as moot because the Court continued the trial date after Plaintiff filed his motion. (Doc. #428). Plaintiffs' request to continue scheduling deadlines is denied because Plaintiff does not specify which deadlines he wants the Court to continue.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Protective Order and Sanctions or, in the Alternative, to Continue Trial Date and Scheduling Deadlines (Doc. #418) is granted in

5

part and denied in part.  Plaintiff's motion for sanctions is granted to the extent that Defendants have agreed to pay expenses and attorney's fees for additional discovery related to the training records.  Plaintiff's motion for a protective order, to continue the trial date, and to continue scheduling deadlines is denied.

    **IT IS SO ORDERED.**

/s/ Stephen R. Bough<br>STEPHEN R. BOUGH, JUDGE<br>UNITED STATES DISTRICT COURT

DATE: <u>February 1, 2019</u>